United States Bankruptcy Court
Southern District of Florida

Worrell,
    Plaintiff

Ditech Financial Servicing LLC, et al,
    Defendant

Adv. Proc. No. 21-01382-PDR

# CERTIFICATE OF NOTICE

District/off: 113C-0  User: weldonm  Page 1 of 1
Date Rcvd: Nov 19, 2021  Form ID: CGFD106  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 21, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| pla | + Samuel Worrell, 7420 NW 41 Court, Lauderhill, FL 33319-3902 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 21, 2021  Signature:  /s/Joseph Speetjens

Form CGFD106 (12/01/2020)



ORDERED in the Southern District of Florida on November 19, 2021



**Peter D. Russin**
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
www.flsb.uscourts.gov

In re:

**Name of Debtor(s):** Samuel Fitzgerald Worrell

**Case Number:** 21–20622–PDR

_____/

**Samuel Worrell**

Plaintiff(s)

**VS.**

**Adversary Number:** 21–01382–PDR

**Ditech Financial Servicing LLC, et al**

Defendant(s)

_____/

## ORDER SETTING STATUS CONFERENCE AND
## ESTABLISHING PROCEDURES AND DEADLINES

To secure the just, speedy, and inexpensive determination of this adversary proceeding, it is

**ORDERED** as follows:

1. **STATUS CONFERENCE.** The Court will conduct a status conference at the date and time set forth in the Summons issued in this adversary proceeding. The parties may not introduce testimony or documentary evidence at the status conference. The Court may, however, consider relevant undisputed facts, judicial notice items, and admissions made during the status conference by parties either directly or through counsel.

*Page 1 of 4*

2. **RIGHT TO JURY TRIAL; WAIVER.** Unless each party has timely filed a statement of consent under Local Rule 9015–1(B), and unless otherwise ordered by the Court, not later than **fourteen days** before the date first set for the status conference, each party requesting a jury trial on any issue in this proceeding must file with this Court a motion for withdrawal of the reference pursuant to Local Rule 5011–1. **FAILURE OF ANY PARTY TO FILE A MOTION TO WITHDRAW THE REFERENCE ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH CONSTITUTES WAIVER BY SUCH PARTY OF ANY RIGHT TO TRIAL BY JURY IN THIS PROCEEDING.**

3. **OBJECTION TO ENTRY OF FINAL ORDERS AND JUDGMENTS BY THE BANKRUPTCY COURT; CONSENT.** Unless otherwise ordered by the Court, not later than **fourteen days** before the date first set for the status conference, each party objecting to the entry of final orders or judgments by this Court on any issue in this proceeding must file with this Court a motion pursuant to Rule 7016(b), Fed. R. Bankr. P., requesting that this Court determine whether this proceeding is subject to the entry of final orders or judgments by this Court. Any such motion will be treated as an objection to the entry of final orders or judgments by this Court. **FAILURE OF ANY PARTY TO FILE A MOTION ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH CONSTITUTES CONSENT BY SUCH PARTY TO THIS COURT ENTERING ALL APPROPRIATE FINAL ORDERS AND JUDGMENTS IN THIS PROCEEDING.** Nothing in this paragraph limits this Court's ability to determine whether this proceeding is subject to entry of final orders or judgments by this Court.

4. **FRBP 7026 AND APPLICABILITY OF RULE 26, FED. R. CIV. P.** Except as otherwise ordered by the Court, Rules 26(d)(1) and 26(d)(2), Fed. R. Civ. P., do not apply to this adversary proceeding, and Rule 26(f), Fed. R. Civ. P. applies only to the extent set forth in this Order.

5. **MEETING OF PARTIES.** At least 14 days before the status conference, the attorneys for the parties (or, if a party is not represented by an attorney, the party) must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) to discuss:

    a. the parties' claims and defenses;

    b. the possibility of settlement;

    c. the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.;

    d. a discovery plan as required by Rule 26(f), Fed. R. Civ. P.;

    e. any e–discovery issues in accordance with Local Rule 7026–2; and

    f. proposed dates and deadlines to be set forth in a pretrial scheduling order, including dates and deadlines for:

        (1) making the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.;

        (2) completion of discovery;

        (3) expert disclosures as required by Rule 26(a)(2), Fed. R. Civ. P., and completion of expert discovery (if applicable);

        (4) filing motions for judgment on the pleadings or summary judgment;

        (5) conducting mediation;

        (6) pretrial disclosures as required by Rule 26(a)(3)(A), Fed. R. Civ. P.; and

        (7) a final pretrial conference.

6. **PRETRIAL SCHEDULING ORDER.** At the status conference, the parties must announce the proposed dates and deadlines as required in paragraph 5.f. above, to be set forth in a proposed form of pretrial scheduling order, which will be entered after the conclusion of the status conference. Unless otherwise permitted by the Court, the pretrial scheduling order must be in substantially the form of this Court's standard form Order Setting Filing and Disclosure Requirements for Pretrial and Trial, with the only material variations being the agreed−upon dates and deadlines required in paragraph 5.f. above. If the parties fail to agree on a pretrial scheduling order by the time of the status conference, the Court will select a date for the pretrial conference and enter the Court's standard form of Order Setting Filing and Disclosure Requirements for Pretrial and Trial with the default dates and deadlines set forth therein (unless the Court determines otherwise).

7. **DISCOVERY DISPUTES.** If a discovery dispute occurs, the parties must first, as required by Fed. R. Civ. P. 37(a)(1), as incorporated by Fed. R. Bankr. P. 7037, confer in good faith to attempt to resolve the issues, before filing a motion with the Court.

8. **DISPOSITIVE MOTIONS.** Absent prior permission of the Court, no party may file any motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or response thereto, exceeding **twenty pages** in length, and no party may file any reply exceeding **ten pages** in length. Title pages preceding the first page of text, signature pages, and certificates of service are not counted as pages for purposes of this paragraph.

    If a party submits affidavits, declarations, or other materials in support of or in opposition to a motion for summary judgment, then: (A) the movant must serve with the motion all such materials; and (B) the opposing party must serve with the response all such materials in opposition to the motion. Any reply must be strictly limited to rebuttal of matters raised in the response. Absent prior permission of the Court, in connection with any motion for summary judgment no party may file affidavits or declarations that exceed twenty pages in the aggregate.

    Filing multiple motions for summary judgment is prohibited, absent prior permission of the Court. This prohibition is not triggered when, as permitted by Rule 12(d), Fed. R. Civ. P., the Court elects to treat a motion filed pursuant to Rule 12(b) or 12(c), Fed. R. Civ. P., as a summary judgment motion.

9. **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY.** All papers, including exhibits, submitted to the Court must comply with the federal judiciary privacy policy as referenced under Local Rule 5005−1(A)(2).

10. **MEDIATION.** Pursuant to Local Rule 9019−2, the Court may order the assignment of this proceeding to mediation at the status conference or at any other time, upon the request of a party or sua sponte.

11. **SETTLEMENT.** If the adversary proceeding is settled, the parties must submit to the Court a stipulation or proposed judgment approved by all parties before the date of trial. If a judgment or stipulation is not submitted to the Court, all parties must be prepared to go to trial in accordance with the pretrial scheduling order. If the adversary proceeding is removed from the trial calendar based upon the announcement of a settlement, the adversary proceeding will not be reset for trial if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for trial at a later date.

12. **DEFAULT.** If any defendant fails to answer or otherwise respond to the complaint in a timely manner, the plaintiff(s) must promptly seek entry of a clerk's default pursuant to Fed. R. Bankr. P. 7055(a), and Local Rule 7055−1, and must promptly move for default judgment. Unless judgment has been entered or the Court advises the plaintiff(s) that the status conference has been continued or canceled, the plaintiff(s) must appear at the status conference.

13. **SANCTIONS.** Failure to comply with any provision of this order or failure to appear at the status conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

14. **CONTINUANCES.** Except for brief continuances sought pursuant to Local Rule 7004–2(B) or to accommodate the schedules of counsel (or the parties, if unrepresented), the Court will continue the status conference only in extraordinary circumstances. Any request to continue the status conference or any deadlines set forth in this order must be presented by written motion, and must set forth the status of service of process, the pleadings, and the pendency of any potentially dispositive motions, and must state the reasons why the party or parties seek a continuance.

15. **SERVICE.** Plaintiff('s)(s') counsel must serve a copy of this order on the defendant(s) with the summons and complaint.

### # # #

A copy of this order was furnished to Samuel Worrell on behalf of the Plaintiff on November 19, 2021.

By: Melva Weldon
Deputy Clerk

*Page 4 of 4*