**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN RE:                                                    **CASE NO.: 21-20622-PDR**
SAMUEL WORRELL,                                           **CHAPTER 13**
  Debtor.
_____/
SAMUEL WORRELL,

Plaintiff,

vs.

                                                          **Adv. Case No. 21-01382-PDR**

NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING,

Defendant.
_____/


**DEFENDANTS NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S**
**MOTION TO DISMISS PLAINTIFF SAMUEL WORRELL'S COMPLAINT [DE 1]**

　　　　Defendant **NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING**, by and

through its undersigned counsel, hereby files this Motion to Dismiss Plaintiff Samuel Worrell's

Complaint (DE 1), and states:

### Introduction

1.  Pro se Plaintiff Samuel Worrell's filed an Adversary Complaint against the Defendant

on November 18, 2021.

2.   As explained further below, this Court should dismiss the Complaint because: (1)under

the *Rooker-Feldman* doctrine, this Court cannot second-guess the state court's decisions; (2) the

Complaint is an improper shotgun-style pleading; and (3)Complaint fails to state any claims for

relief.

### Argument

1

## I.        Motion to Dismiss Standard

Dismissal under Rule 12(b)(6) "is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Daniel v. Castro*, 2015 U.S. Dist. LEXIS 132665, at \*5 (S.D. Fla. Sep. 30, 2015) (citing *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).  The Court can dismiss under Rule 12(b)(6) "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Daniel,* 2015 U.S. Dist. LEXIS 132665 at \*5 (quoting *Marshall County Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).  The "analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Daniel*, 2015 U.S. Dist. LEXIS 132665 at \*5 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citations omitted, alteration in original).

Additionally, while pleadings of pro se litigants must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam), courts are under no duty to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth*., 998 F.2d 904, 912 (11th Cir. 1993).

Finally, "[r]egardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." *Bernard v. Calejo*, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")).

## II.        The Complaint is Barred by the *Rooker-Feldman* Doctrine

Plaintiff's Complaint is barred by the *Rooker-Feldman* Doctrine, which holds that "a district court lacks jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Valentine v. BAC Home Loans Servicing, L.P.*, 635 F. App'x 753, 756 (11th Cir. 2015) (citation omitted).

Here, all of Plaintiff's claims against Defendant arise entirely from the state court foreclosure action. The Complaint appears to address Defendant's standing even though that issue was already decided by the state court when it entered Final Judgment of Foreclosure in Defendant's favor. The Complaint also purports to state a claim for "fraud" but fails to meet the elements of Rule 9b of the Federal Rules of Civil Procedure. According to Rule 9b, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiff has failed to follow the rules of procedure, and state no claims upon which relief can be granted.  Dismissal with prejudice is appropriate.

Perhaps most significantly, in Plaintiff's "Wherefore Clause"—which apparently serves as the requested relief for all allegations—Plaintiff asks this Court to second-guess the state court's entry of Final Judgment of Foreclosure by ruling Defendant does not have a secured claim in the bankruptcy case.  Under the *Rooker-Feldman* Doctrine, this Court lacks jurisdiction to do so. Amendment cannot cure this Court's lack of jurisdiction. Dismissal is appropriate.

## III.        The Complaint is a Shotgun-Style Pleading

Dismissal is also warranted because Plaintiff's Complaint is a shotgun-style pleading, with each Count improperly incorporating the preceding count. *see Strategic Income Fund, L.L.C. v.*

*Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors . . ."). The Eleventh Circuit does not tolerate shotgun-style pleadings. *See e.g. Byrne v. Nezhat*, 261 F.3d 1075, 1128–34 (11th Cir.2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir.1997) (noting that "[s]hotgun pleadings ... exact an intolerable toll on the trial court's docket"); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir.1997) (per curiam) ("[S]hotgun notice pleadings ... impede the orderly, efficient, and economic disposition of disputes.").

The Complaint suffers from this defect because it purports to state a lack of standing claim, but also incorporates allegations discussing "fraud". Dismissal is appropriate.

## IV.    The Complaint Fails to State any Claims for Relief

Finally, the Complaint fails to state a claim, and instead consists of disjointed, unclear, and conclusory allegations.    It is well-established that unwarranted factual deductions or legal conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *see Moseley v. McKesson Medical-Surgical, Inc.*, No. 8:12–cv–2666–T–30EAJ, 2013 WL 3639686, *1 (M.D. Fla. July 11, 2013) ("Indeed, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'") (citing *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003)).    Additionally, a complaint that just strings together a series of sentences and paragraphs containing legal conclusions and theories does not establish a claim for relief.    Legal conclusions are not deemed true for purposes of a motion to dismiss. *Ashcroft*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). As the Supreme

4

Court has long held, "we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Likewise, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

While a pro se plaintiff's filings are afforded greater leeway, "a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as [a *pro se* party's] lawyer. *Tennyson v. ASCAP*, 477 F. App'x 608, 609-10 (11th Cir. 2012) (per curiam). As explained above, Plaintiff has failed to follow the rules of procedure, and state no claims upon which relief can be granted. Dismissal is appropriate.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/April Harriott*
April Harriott, Esq.
Florida Bar No. 37547
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: (561) 241-6901
Facsimile: (561) 997-6909
Email: aharriott@rasflaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 17, 2021, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

SAMUEL WORRELL, *PRO SE*

7420 NW 41 COURT
LAUDERHILL, FL 33319

*/s/April Harriott*
April Harriott, Esq.
Florida Bar No. 37547
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: (561) 241-6901
Facsimile: (561) 997-6909
Email: aharriott@rasflaw.com