

ORDERED in the Southern District of Florida on January 21, 2022.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Samuel Fitzgerald Worrell,

    Debtor.
_____/

Samuel Fitzgerald Worrell,

    Plaintiff,

v.

Ditech Financial Servicing, LLC, et al.,

    Defendants.
_____/

Case No. 21-20622-PDR

Chapter 13

Adv. Case No. 21-01382-PDR

**ORDER DENYING PLAINTIFF'S MOTIONS FOR REHEARING AND
VACATURE OF ORDER SETTING BRIEFING SCHEDULE AND
<u>HEARING ON DEFENDANT'S MOTION TO DISMISS</u>**

On December 17, 2021, NewRez LLC filed a *Motion to Dismiss Adversary Proceeding*. (Doc. 9). The Court entered an *Order Setting Briefing Schedule and Hearing* on the Motion to Dismiss, setting a hearing for February 2, 2022. (Doc. 11).

On January 18, 2022, the *pro se* Plaintiff filed a *Motion by Plaintiff for Rehearing and Vacature of the Order on December 29, 2021, Stating Falsely that the Defendant Filed a Motion to Dismiss Plaintiff's Adversary Proceedings Lawsuit or, in the Alternative, Plaintiff's Motion for Leave to Appeal Interlocutory Order Entered on December 29, 2021*. (Docs. 17 & 18). In it, the Plaintiff suggests that "Defendants-Ditech failed to make sufficient appearance and filed no proper nor timely answer to Plaintiff's lawsuit" and that the Court has "*sua sponte* abruptly entered an order [wrongly] stating at the very outset that … the Defendant filed a Motion to dismiss …" It seems the Plaintiff is instead suggesting that NewRez is not a party to this litigation.

To clarify, the Court has not, *sua sponte* or otherwise, made any determinations about the Motion to Dismiss or NewRez's standing to file it in this case. The Court accepted the Motion to Dismiss because the Plaintiff listed "et al." in his initial Complaint without naming each defendant in this case. The Court, therefore, is unable to discern without a hearing whether NewRez has standing. To the extent that NewRez is not a proper party to this case and lacks standing to seek dismissal of the Plaintiff's Complaint, the Court construes the Plaintiff's arguments in his Motions as a response in opposition. Further, the Court denies the request for an interlocutory appeal both because the Court has not yet issued any ruling or

entered any order that arguably is appropriate for interlocutory review and the record does not clarify whether the request for interlocutory review was filed in accordance with the applicable rules.[1]

Accordingly, the Court **ORDERS** that the *Motions* (Doc. 17 & 18) are **DENIED**. The Court construes the contents of the *Motions* as a response in opposition to the Motion to Dismiss.

# # #

Copies To:
All parties in interest.

---

[1] *See* 28 U.S.C. §§ 158(a)(3); 1292(b); Fed. R. Bankr. P. 8004; Local Rule 8004-1; *see, e.g.*, *In re Travers*, 202 B.R. 624, 626 (9th Cir. BAP 1996) ("Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation.").