**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:
SAMUEL F. WORRELL　　　　　　　　　　　　　　　　Case No.:21-20622(PDR)
　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　Chapter　13

SAMUEL F. WORRELL
　　　　　Plaintiff,　　　　　　　　　　　　　　　　　　Adversary Proceeding
vs.　　　　　　　　　　　　　　　　　　　　　　　　　　Case No.21-01382:

DITECH FINANCIAL SERVICING LLC,

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE& PARTNERS, PLLC

NEW REZ LLC, D/B/A SHELLPOINT MORTGAGE SERVICING
　　　　　Defendants.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR ADVERSARY PROCEEDINGS AGAINST DITECH FINANCIAL LLC. ROBERTSON, ANSCHUTZ, SCHNEID, CRANE &PARTNERS, PLLC. NEW REZ LLC D/B/A SHELL POINT MORTGAGE SERVICING.**
**FOR KNOWINGLY AND CONTINUALLY**
**PROSECUTING FALSE CLAIMS AGAINST PLAINTIFF**

NOW COMES THE PLAINTIFF, SAMUEL F. WORRELL, who petitioned for bankruptcy under pertinent provisions of the Bankruptcy Code, 11 U.S.C. 101 et seq., evidenced by the assigned Case Number: 21-20622(PDR). Plaintiff-Debtor hereby seeks the Bankruptcy Court's pre-approval to Amend Adversary Proceedings (AP) against Ditech Financial LLC, an alleged secured creditor, New Rez LLC D/B/A Shell Point Mortgage Servicing another alleged secure creditor and Robertson, Anschutz, Schneid, Crane & Partners, PLLC their Attorneys for knowingly asserting false claims against Plaintiff-Debtor and his homestead residence. Wherefore, Plaintiff-Debtor further alleges and sets forth grounds for commencing Adversary

Proceedings against Ditech Financial LLC, New Rez d/b/a Shell Point Mortgage Servicing and Robertson, Anschutz, Schneid, Crane & Partners, PLLC. as follows:

## JURISDICTION

1.  This is a Complaint to open Adversary Proceedings against Ditech Financial LLC, New Rez LLC d/b/a Shell Point Mortgage Servicing and Robertson, Anschutz, Schneid, Crane & Partners, PLLC. (hereafter Defendants), seeking declaratory relief for their willful prosecution of false claims against Plaintiff-Debtor.

2.  This Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 1334, 157 and §§ 105 and 523 of the Bankruptcy Code.

3.  Venue is appropriate before this Court by virtue of 28 U.S.C. §§ 1409.

4.  This case constitutes a core proceeding, pursuant to 28 U.S.C. §§ 1334 &157(G), and is exclusively within bankruptcy jurisdiction.

## PARTIES

5.  Plaintiff-Debtor, Samuel F. Worrell (Plaintiff), is a resident of Florida with a pending Chapter 13 petition before this Court and is otherwise sui juris.

6.  Defendants Ditech Financial, LLC, formerly known as Green Tree Servicing, is a subsidiary of Ditech Holding Corporation and alleges it is a Secured Creditor in Plaintiff's pending Chapter 13 case, (hereinafter referred to as Defendant-Ditech / Alleged Secured Creditor Ditech). Defendant New Rez d/b/a Shell Point Mortgage Servicing also alleges that it is the Secure Creditor in Plaintiff's pending Chapter 13 case (hereinafter referred to as Defendant-New Rez /Alleged Secure Creditor New Rez ). Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC. Are the attorneys representing both Alleged Secure Creditors at the same

time, ( hereinafter referred to as Defendant Law Firm / Local foreclosure attorneys for secure creditors ).

## PRELIMINARY STATEMENT

7. The Plaintiff-Debtor filed a Chapter 13 Petition in this Court on November 5, 2021, pursuant to 11 U.S.C. §§ 101, as evidenced by Case # 21-20622(PDR).

8. The chief purpose for opening Adversary Proceedings is to examine and determine whether Defendant-Ditech or Defendant- New Rez is indeed a Secured Creditor with legitimate perfected claims against Plaintiff-Debtor, in accordance with the Bankruptcy Code; 11 U.S.C. § 101 et. seq., and Bankruptcy Procedure Rule 3001 (namely, Proof of Claim form B-10).

9. In the Adversary Proceedings, Plaintiff-Debtor seeks a proper determination by the Bankruptcy Court, pursuant to relevant provisions of the Bankruptcy Code, as to the validity of Defendant-Ditech's foreclosure claims or Defendant-New Rez claims against Plaintiff, pursuant to Ditech's Confirmed Third Amended Chapter 11 Plan of September 30, 2019, and subsequent relief and discharge order, and New Rez assignment of mortgage from Ditech dated January, 2020.

## CHRONOLOGY AND FACTUAL BACKGROUND

10. In November 1995, Plaintiff obtained a mortgage from M.C.A. mortgage INC., and purchased real property that is part of Debtor's Chapter 13 estate.

11. In May 1996, the mortgage was purchased by Mellon Mortgage.

12. In December 1999, it was purchased by Chase Manhattan Mortgage Corporation.

13. In June 2003 Plaintiff's mortgage was purchased by City County Credit Union.

14. In January 2006, the mortgage was purchased by Countrywide Financial Mortgage Company, who subsequently filed for bankruptcy in or about November 2008.

15. In December 2009, after Countrywide's bankruptcy, Bank of America (BOA) appeared asserting that *they* were responsible for servicing the mortgage on Plaintiff's home as result of acquiring the mortgage servicing rights from Countrywide.

16. Accordingly, in December 2009, Plaintiff began sending mortgage payments to BOA, which payment amounts increased continuously month after month, without explanation or prior notice (i.e. manufactured default for foreclosure).

17. Eventually in February 2012, Green Tree Financial assumed the mortgage servicing rights from BOA.

18. Finally, after Green Tree Financial failed, Ditech appeared asserting that it had assumed responsibility for servicing Plaintiff's mortgage.

22. In May 2013, Ditech filed Lis Penden against Plaintiff and began foreclosure proceedings in the Seventeenth Judicial Circuit Court (the state foreclosure Court) Case No. CACE # 160019545. It obtained Summary Judgement in 2017 and schedule a sale for April 2018.

23. Plaintiff sought Chapter 13 relief and funded the plan while seeking a mortgage modification, which Ditech ultimately denied; Case No:18-19013-JKD.

24. In December 2017, Ditech filed for Chapter 11 bankruptcy. It however emerged from bankruptcy alleging that it still owned the servicing rights to Plaintiff's mortgage. and continued foreclosing.

25. Indeed, even after Ditech's second bankruptcy in February 2019, it continued pursuing foreclosure claims against Plaintiff, alleging (without competent proof) that its prepetition servicing rights remained intact throughout its Chapter 11 bankruptcy proceedings.

26. Plaintiff was consequently forced to seek Chapter 13 relief multiple times, namely Case No.19-21221-JKD, and Case No.20-11803-PGH, if only to obtain ordinary proof of Ditech's bald unsupported assertions that it has acquired a perfected secured interest in his homestead.

27. Notably, Ditech's own bankruptcy proceedings docket and the expressed provisions of the Bankruptcy Code seem to directly contradict Ditech's seemingly false allegations and unproven perfected interest assertions.

19. On February 11, 2019, alleged Secured Creditor Ditech Holdings Corporation together with its subsidiaries, including Ditech Financial, LLC[1], filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

20. On April 4, 2019, alleged Secured Creditor Defendant-Ditech's duly noticed meeting of the Creditors was held pursuant to § 341(a) of the Bankruptcy Code (the "Section 341 Meeting").

21. As of the date of its Section 341 meeting Ditech had surrendered any prepetition judgements it held against Plaintiff-Debtor connected to his homestead residence and should have transferred any such judgements from its bankruptcy estate to the successor company purchasing those interests in accordance with its Confirmed Amended Chapter 11 Plan agreement for relief entered in and by the Southern District Bankruptcy Court of New York.

---

[1] The Debtor in Ditech's Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holdings Corporation (0486);DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investments Holdings III LLC (1008); Green Tree Servicing Corp.(3552); matrix Servicing LLC (6101); Mortgage Asset Systems LLC (8148); REO Management Solutions LLC (7787); Reverse Mortgage Solutions, Inc.(2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisitions LLC(8837). The Debtor's principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

22. In fact, by information and belief, Ditech was required to as a precondition to its Chapter 11 bankruptcy relief, sell off its prepetition servicing rights -- including those connected to Plaintiff's home and it has already done so, long ago.

23. Nonetheless, Ditech has knowingly continues to pursue facially false seemingly bogus claims against Plaintiff and forced numerous bankruptcies.

### DITECH'S CONFIRMATION OF JOINT CHAPTER 11 PLAN

28. Ditech recently twice filed for Chapter 11 relief in the United States Bankruptcy Court of New York in the Southern District.

29. In December 2017 Ditech filed for Chapter 11 (the first Chapter 11 bankruptcy) and obtained all the relief it sought, to the tune of several hundred million dollars.

30. In February 2019, Ditech once again voluntarily filed for Chapter 11 bankruptcy relief under Case No.: 19-10412-JLG.

31. On September 22, 2019, Ditech filed its Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its affiliated Debtors.

32. The United States Bankruptcy Court of New York in the Southern District confirmed The Third Amended Joint Chapter 11 Plan four days later, on September 26, 2019.

33. The Effective Date of The Plan occurred four days later, on September 30, 2019, as follows -

    (a)    Notice of Effective Date (Docket No. 1449)

    (b)    Order Confirming Third Amended Joint Plan Chapter11 (Docket No. 1404)

    (c)    Notice of Filing Revised Third Amended Joint Chapter 11 Plan (Docket No. 1326)

    (d)    Scheduling Order for Confirmation of Third Amended Plan (Docket No. 1286)

(e)     Disclosure Statement Supplement (Related to Docket No. 1287)

34.     Pursuant to the Bankruptcy Code and 11 U.S.C. § 541(a), Ditech's voluntary petition for Chapter 11 bankruptcy relief on February 21, 2019, created a bankruptcy estate which included its prepetition corporate assets, including the foreclosure judgement it held against Plaintiffs in this present case, and its other foreclosure judgments it acquired up to February 20, 2019, or the eve of Ditech's second voluntary Chapter 11 corporate bankruptcy petition.

35.     On or about September 26, 2019, prior to obtaining its discharge and release from bankruptcy, Ditech sought and obtain orders from the United States Bankruptcy Court, Southern District of New York confirming its Third Amended Plan and directing exactly how its corporate assets and Bankruptcy Estate must be managed, including its Foreclosure Judgement(s), which included its foreclosure judgement against the Plaintiff in this present case.

36.     Nonetheless, despite repeatedly reaping massive benefits from its serial corporate bankruptcies and obtaining clear unambiguous orders from the United States Bankruptcy Court of New York in the Southern District confirm, Ditech has continually, blatantly, and fragrantly violated the terms, letter, and spirit of its Confirmed Chapter 11 Plan, D.E. # 1404.

37.     Ditech, clearly, by fraudulently resuming and continuing to pursue its pre-bankruptcy foreclosure claims against Plaintiffs even after it voluntarily and freely sought and obtained a second round of relief under the terms of its Third Confirmed Chapter 11 Bankruptcy Plan and terms of obtaining its corporate discharge, by falsely and fraudulently asserting in the state foreclosure Court that it did not surrender its pre-bankruptcy foreclosure Judgement and its alleged foreclosure claims against Plaintiff in this case, in direct stark contradiction to the expressed mandatory terms of its multi-billion dollar bankruptcy discharge orders; Exhibit-B.

38.     The Defendant Ditech claims that it obtained a valid judgement against Plaintiffs' home on February 21, 2017.

39.     However, Ditech filed for bankruptcy and was granted relief from The United States Bankruptcy Court, Southern District of New York. September 30, 2019. (Docket No.1404).

40.     Even after surrendering its corporate assets as part of, and as ordered by the Bankruptcy Court, or terms of its discharge Ditech is still able to hold on to the assets already surrendered as part of its multi-billion-dollar bankruptcy relief and Confirmed Amended Plan; D.E. # 1404.

41.     Due to Defendant-Ditech and its foreclosure attorneys actions the Bankruptcy Court is required to perform sufficient inquiry to determine with absolute certainty whether Defendant-Ditech was or was not required, by a federal court order, to sell off its servicing rights and whatever genuine foreclosure claims it ever held against Plaintiffs' home.

42.     Although the state foreclosure court suggests that the fact that Ditech does not have any legitimate interest nor right to foreclose on Plaintiffs' home is irrelevant. But Plaintiffs strongly disagree.

43.     The plain undisputed fact that Defendant-Ditech and their foreclosure attorneys continue to file pursue bogus foreclosure claims against Plaintiff's home at this stage could further suggest that these parties have always known that its alleged perfected claims against Plaintiff were always baseless and fraudulent, from inception.

44.     Moreover, a new entity now enters the arena, also represented by the same law firm as Ditech- but now also claiming rights as Secure Creditor. This Second False Secure Creditor claims to had been the correct creditor since January, 2020 but did nothing to contact Plaintiff or to pursue a claim against for monies or a remedy for such.

45. This Second False Secure Creditor namely New Rez LLC, d/b/a Shell Point Mortgage Servicing sat in the shadows and did nothing whilst another entity other than themselves claim to be the Secure Creditor falsely and pursued Plaintiff wrongfully in court as late as November, 2021.

46. Finally, the attorneys and law firm carrying out these outrageous acts on the Plaintiff knowing quite well that it was illegal to do so should and must be held responsible for their actions.

## COUNT I

47. Plaintiff-Debtor hereby repeats, reiterates, and incorporates the afore stated facts as thought fully set forth herein, and further assert that:

48. If the allegations against Ditech, New Rez LLC ,and Robertson, Anschutz, Schneid, Crane & Partners,PLLC are sufficiently proven, they have committed explicit civil fraud against Plaintiff and is responsible for those injuries.

## COUNT II

49. Plaintiff-Debtor hereby repeats, reiterates, and incorporates the afore stated facts as thought fully set forth herein, and further assert that:

50. If these allegations against Ditech, New Rez LLC and Robertson, Anschutz, Schneid, Crane & Partners, PLLC are sufficiently proven, Defendants -Ditech, New Rez LLC and Robertson, Anschutz, Schneid, Crane & Partners, PLLC would be guilty of bankruptcy fraud in its Chapter 11 proceedings -- a serious federal crime that should be suitably reported.

## RELIEF SOUGHT BY PLAINTIFF

48. Plaintiff hereby repeats, reiterates, and incorporates the afore stated facts as thought fully set forth herein, and further assert that:

49. Based on the plain face facts of this case and bankruptcy law provisions it is abundantly obvious and clear that Ditech , and New Rez LLC are NOT a secured, bonafide, nor legitimate creditor in Plaintiff's Chapter 13 case.

47. Accordingly, Plaintiff-Debtor hereby petitions this Court to fashion and enter orders:

   (a) Authorizing that Plaintiff-Debtor may commence Adversary Proceedings against Defendants-,Ditech, New Rez LLC, and Robertson ,Anschutz, Schneid, Crane & Partners, PLLC for knowingly and relentlessly prosecuting its false claims against Plaintiff.

   (b) Schedule sufficient hearings to determine the extent of Ditech's, New Rez LLC, and Robertson, Anschutz, schneid, Crane & Partners, PLLC willful and ongoing violations against Plaintiff.

   (c) Commence sufficient inquiry to ascertain the amounts of actual damages and penalties warranted by Ditech's, New Rez LLC and Robertson, Anschutz, Schneid, Crane & Partners, PLLC's fraudulent and abusive actions against Plaintiff. And,

   (d) Grant any and all other relief deemed warranted and appropriate by this Court in this case.

 Wherefore, Plaintiff-Debtor respectfully request that this Court enter relief under the findings that:

     (i). Defendant-Ditech, and New Rez LLC are not legitimate nor properly Secured Creditors in Plaintiff's underlying Chapter 13, and consequently lacks a secured claim against Plaintiff.

(ii). This Court should enter findings in a cease and desist order directed to Defendants-Ditech, New Rez LLC and Robertson, Anschutz, Schneid, Crane & Partners, PLLC in this matter.

(iii). Further order any and all available relief this Court deems appropriate.

Respectfully Submitted by:

Dated:   February ,25th., 2022

-----------------------------------------------------------
SAMUEL  F.  WORRELL, PLAINTIFF, pro se.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the ADVERSARY PROCEEDING COMPLAINT and PETITION was furnished to the parties listed on the service list below, via United States Postal Service (USPS) 'Certified Mail' and/ or E-mail in accordance with the corresponding addresses listed therein, on the 25th, day of February, 2022.

Signed:

_____

SAMUEL WORRELL PLAINTIFF, pro se.
7420 N.W. 41 COURT., LAUDERHILL, FLORIDA, 33319

## SERVICE LIST

## DITECH FINANCIAL LLC.

## NEW REZ LLC, D/B/A SHELL POINT MORTGAGE SERVICING.

## ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC

Attorneys for Ditech Financial, LLC.
Attorneys for New Rez LLC. d/b/a Shell Point Mortgage Servicing.
Attorneys for Robertson. Anschutz, Schneid, Crane & Partners PLLC.
6409 Congress Ave, Suite100
Boca Raton, Florida, 33487

Attn: Marni Sachs
Marni Sachs, Esquire
Attn: Scott Brown
Scott Brown, Esquire
Florida Bar No.88187
Attn: April Harriott
Florida Bar No. 37547
Communication Email: sbrown@raslg.com


REGISTERED AGENT FOR DITECH FINANCIAL LLC.

C T CORPORATION SYSTEMS
1200 S. PINE ISLAND ROAD
PLANTATION, FL, 33324




REGISTERED AGENT FOR NEW REZ LLC.

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL, 32301-2525

REGISTERED AGENT FOR ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS,PLLC.

DAVID J. SCHNEID
6409 CONGRESS AVE, SUITE #100
BOCA RATON, FL 33487